IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


Blake Springhetti,                              :

               Plaintiff            :            Civil Action 2:09-cv-00239

   v.                                          :

Detective Steven Roberts, *et al.*,             :            Magistrate Judge Abel

           Defendants           :


# ORDER

This matter is the Court on defendant Franklin County's October 21, 2009

unopposed motion to dismiss (doc. 14) and defendants the City of Columbus, Detective

Steven Roberts, and Sergeant William Mingus' December 15, 2009 unopposed motion

for summary judgment (doc. 16).

## I.      Allegations in the Complaint

Plaintiff Blake Springhetti is a used car dealer in Columbus, Ohio. Compl. ¶7. On

March 27, 2007, Springhetti brought two individuals of Mexican heritage to a used car

auction and purchased two vehicles on their behalf. *Id.* at ¶8. On March 30, 2007,

Springhetti invited the two individuals to accompany him to his friend's house to see

the deer and cougar that his friend was raising. *Id.* at ¶10. One of the individuals drove

a white Jeep Commander, and the other drove an eighteen wheel tractor trailer loaded

with bacon. *Id.* Plaintiff drove a Ford F-350 pickup. *Id.* at ¶12. The driver of the tractor

trailer gave Springhetti's friend one hundred pounds of bacon; he also gave Springhetti

approximately fifty pounds of bacon, which he put in his pickup. *Id.* at ¶13.

When he was driving home, he noticed that at least three cars were following

him. *Id.* at ¶15. The cars were unmarked, and the drivers attempted to force plaintiff off

the road. *Id.* at ¶16. When he arrived in Millersport, Ohio, plaintiff approached a

Millersport police car parked at a filling station in an attempt to reach safety. *Id.* at ¶17.

When Springhetti parked his truck, a driver of one of the cars who had been chasing

him approached him, pulled out a gun, and instructed him to get out of his truck. *Id.* at

¶¶18-19. Springhetti's hands were outside the truck so that the person would realize

that he did not have a weapon. *Id.* at ¶21. Springhetti said he could not get out of the

truck because it was still in drive, and his hands were outside the truck. *Id.* at ¶20. The

man put plaintiff's car in drive, punched him, and threw him to the ground. *Id.* at ¶22.

Two Columbus police officers approached Springhetti asked if he knew why he

had been stopped. *Id.* at ¶24. In response to questions from the police officers,

Springhetti told them he had bacon in his truck. *Id.* at ¶26. Plaintiff was handcuffed and

placed in the back of a police car. *Id.* at ¶28. While he was in the police car, two

different dogs searched his pickup. *Id.* at ¶31. Plaintiff was driven back to his friend's

house. *Id.* at ¶32. He did not have on his seatbelt, and the officer drove erratically

causing him to be thrown about the car. *Id.* at ¶33. The officers searched plaintiff's

pickup without a warrant. *Id.* at ¶34.

As a result of these events, Springhetti has weakness and numbness in his hands. He is unable to raise his left arm above his shoulder, and his left knee, right foot, shoulder, neck and back hurt continually. *Id.* at ¶40. His reputation has been damaged, which in turn has damaged his business. *Id.* at ¶41. The complaint alleges that defendants had no warrant or probable cause for his arrest. *Id.* at ¶43. He was never charged with any crime. *Id.* at ¶45.

The complaint alleges that defendants Detective Steven Roberts, Deputy Robert McKee, Sergeant Bill Mingus, Deputy Shaun Malloy, John Does 1-12, Fairfield County, Ohio and Franklin County, Ohio violated plaintiff's rights arising under the Fourth and Fourteenth Amendments. The complaint alleges claims for excessive force, false arrest, false imprisonment, unreasonable search of his vehicle and for civil conspiracy.

## II. Defendant Franklin County's Motion to Dismiss

### A. Motion to Dismiss

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *See Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (U.S. 2007) (citing *Bell v. Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007)); *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995); *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1982). Although the court must apply a liberal construction of the complaint in favor of the party opposing the motion to dismiss, *see Davis H. Elliot Co. v. Caribbean Utilities Co.*, 513

F.2d 1176, 1182 (6th Cir. 1975), a court will not accept conclusions of law or unwarranted inferences of fact cast in the form of factual allegations, *see Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005); *Blackburn v. Fisk Univ.*, 443 F.2d 121, 123-124 (6th Cir. 1971).  In reading a complaint, however, a court will indulge all reasonable inferences that might be drawn from the pleading.  *See Fitzke v. Shappell*, 468 F.2d 1072, 1076 n.6 (6th Cir. 1972).  Because the motion under Rule 12(b)(6) is directed solely to the complaint itself, *see Roth Steel Prods.*, 705 F.2d at 155; *Sims v. Mercy Hosp. of Monroe*, 451 F.2d 171, 173 (6th Cir. 1983), the court must focus on whether the claimant is entitled to offer evidence to support the claims, rather than whether the plaintiff will ultimately prevail, *see McDaniel v. Rhodes*, 512 F. Supp. 117, 120 (S.D. Ohio 1981).  A federal court cannot consider extrinsic evidence in determining whether a complaint states a claim upon which relief can be granted.  *See Roth Steel Prods.*, 705 F.2d at 155-56.

### B.     Arguments of the Parties

Defendant Franklin County argues that plaintiff cannot maintain an action against it as it is not *sui juris*. Defendant Franklin County also argues that plaintiff's claims fail because he has not alleged any facts that would permit recovery against it. Defendant further argues that plaintiff cannot maintain an action against Franklin County under the theories of respondeat superior and vicarious liability.

Plaintiff has failed to file a response to defendant's motion.

## C. Discussion

In an official-capacity action, a governmental entity is liable under § 1983 only

when the entity itself is a "moving force" behind the deprivation or the entity's "policy

or custom" played a part in the violation of federal law. *Kentucky v. Graham*, 473 U.S.

159, 166 (1985). The complaint fails to identify any policy or procedure of Franklin

County that directly caused a violation of plaintiff's constitutional rights. The

complaint also fails to assert that any particular policy of Franklin County is

unconstitutional. In fact, other than listing Franklin County in the caption, the

complaint contains no allegations concerning Franklin County whatsoever. As a result,

defendant Franklin County's unopposed October 21, 2009 unopposed motion to dismiss

(doc. 14) is GRANTED.

## III. Defendants Detective Steven Roberts, Deputy Robert McKee and Sergeant William Mingus' Motion for Summary Judgment

### A. Summary Judgment

Summary judgment is governed by Rule 56(c) of the Federal Rules of Civil

Procedure which provides:

> The judgment sought shall be rendered forthwith if the
> pleadings, depositions, answers to interrogatories, and
> admissions on file, together with the affidavits, if any, show
> that there is no genuine issue as to any material fact and that
> the moving party is entitled to judgment as a matter of law.

"[T]his standard provides that the mere existence of some alleged factual dispute

between the parties will not defeat an otherwise properly supported motion for

summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1986) (emphasis in original); *Kendall v. The Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984).

Summary judgment will not lie if the dispute about a material fact is genuine; "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 247-248. The purpose of the procedure is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried. *Lashlee v. Sumner*, 570 F.2d 107, 111 (6th Cir. 1978). Therefore, summary judgment will be granted "only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is, . . . [and where] no genuine issue remains for trial, . . . [for] the purpose of the rule is not to cut litigants off from their right of trial by jury if they really have issues to try." *Poller v. Columbia Broadcasting Systems, Inc.*, 368 U.S. 464, 467 (1962); accord, *County of Oakland v. City of Berkeley*, 742 F.2d 289, 297 (6th Cir. 1984).

In a motion for summary judgment the moving party bears the "burden of showing the absence of a genuine issue as to any material fact, and for these purposes, the [evidence submitted] must be viewed in the light most favorable to the opposing party." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970) (footnote omitted). Inferences to be drawn from the underlying facts contained in such materials must be considered in the light most favorable to the party opposing the motion. *United States v.*

*Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Watkins v. Northwestern Ohio Tractor Pullers*

*Association, Inc.*, 630 F.2d 1155, 1158 (6th Cir. 1980).

If the moving party meets its burden and adequate time for discovery has been

provided, summary judgment is appropriate if the opposing party fails to make a

showing sufficient to establish the existence of an element essential to that party's case

and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*,

477 U.S. 317, 322 (1986). The mere existence of a scintilla of evidence in support of the

opposing party's position will be insufficient; there must be evidence on which the jury

could reasonably find for the opposing party. *Anderson*, 477 U.S. at 251 (quoting

*Improvement Co. v. Munson,* 14 Wall. 442, 448 (1872)). As is provided in Fed. R. Civ. P.

56(e):

> When a motion for summary judgment is made and
> supported as provided in this rule, an adverse party may not
> rest upon the mere allegations or denials of his pleading, but
> his response, by affidavits or as otherwise provided in this
> rule, must set forth specific facts showing that there is a
> genuine issue for trial. If he does not so respond, summary
> judgment, if appropriate, shall be entered against him.

Thus, "a party cannot rest on the allegations contained in his . . . [pleadings] in

opposition to a properly supported motion for summary judgment against him." *First*

*National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 259 (1968)(footnote omitted).

### B.  Arguments of the Parties

The City of Columbus maintains it was not named as a defendant in the caption

of the complaint, and the Court's docket does not reflect that the City of Columbus was

served with summons and complaint. Furthermore, the defendant officers were not

sued in their official capacity. The City of Columbus argues that the law is clear that a

political subdivision of the state cannot be liable in a 42 U.S.C. § 1983 action on the basis

of *respondeat superior*. Plaintiff also has not alleged that the City of Columbus acted

through an unconsitutional policy or procedure or that there has been inadequate

training or supervision.

With respect to Detective Roberts and Sergeant Mingus, defendants argue that

the uncontroverted evidence shows that these defendants did not touch plaintiff so

there cannot be any claim for excessive force. Roberts and Mingus did not arrest or

confine Springhetti. Defendants maintain that the search of his vehicle was done

pursuant to a valid warrant. Defendants further argue that because all of plaintiff's

other claims against them fail, his claim for conspiracy must fail as well.

### C.      Discussion

Detective Steven Roberts and Sergeant Mingus submitted affidavits stating that

they were in one of the cars that attempted to pull Springhetti over. When they were

unsuccessful in their attempts to stop Springhetti, they requested that the Millersport

Police stop Springhetti's vehicle.  Roberts and Mingus deny pulling Springhetti out of

his vehicle or using any force whatsoever. Detective Roberts asked Springhetti what

was in his vehicle, and he responded, "Bacon." Detective Roberts prepared a search

warrant requesting permission to search Springhetti's car. Sergeant Mingus participated

in the search of his vehicle once the search warrant was signed. Roberts and Mingus

stated that they did not arrest or detain Springhetti or use any force against him.

Plaintiff has not provided any evidence to create an issue of material fact upon

which a reasonable jury could return a verdict for him. As a result, defendants the City

of Columbus, Detective Steven Roberts, and Sergeant William Mingus' December 15,

2009 unopposed motion for summary judgment (doc. 16) is GRANTED.

Defendants Franklin County, the City of Columbus, Detective Steven Roberts,

and Sergeant William Mingus are DISMISSED from this lawsuit.


s/ Mark R. Abel
United States Magistrate Judge